## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **JADE HING** | ) | |
| **160 High Tides, #102** | ) | |
| **Columbus, OH 43235** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 17-332** |
| **vs.** | ) | |
| | ) | |
| **HORSESHOE CINCINNATI** | ) | |
| **MANAGEMENT, LLC** | ) | |
| **1000 Broadway** | ) | **COMPLAINT WITH JURY** |
| **Cincinnati, OH 45202** | ) | **DEMAND** |
| | ) | |
| *Serve Registered Agent* | ) | |
| **CORPORATION SERVICE COMPANY** | ) | |
| **50 West Broad Street, Suite 1330** | ) | |
| **Columbus, OH 43215** | ) | |
| | ) | |
| **Defendant.** | ) | |

Comes now the Plaintiff, Jade Hing, by and through counsel, and for her claim for relief states as follows:

### PARTIES/ JURISDICTION/ VENUE

1.     Plaintiff, Jade Hing, (hereinafter "Plaintiff" or "Ms. Hing") is a citizen and resident of the State of Ohio at the address listed in the caption.

2.     At all times relevant hereto, Defendant, Horseshoe Cincinnati Management, LLC (hereinafter "Defendant") is a Delaware Corporation with its principal office in Cincinnati, Ohio.

3.     At all times relevant hereto, Ms. Hing was an "employee" as that term is defined under applicable federal and state law, including but not necessarily limited 42 U.S.C. § 2000e and O.R.C. § 4112.01

4.      At all times relevant hereto, Defendant was an "employer" as that term is defined under applicable federal and state law, including but not necessarily limited to 42 U.S.C. § 2000e and O.R.C. § 4112.01.

5.      Defendant is subject to the personal jurisdiction of this Court.

6.      This Court has subject matter jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C.A. §1391(b) in that all or a substantial part of the events giving rise to these claims occurred within this District.

## STATEMENT OF RELEVANT FACTS

8.      In or around August 2008, Plaintiff started working at the Horseshoe Casino in Southern Indiana.

9.      In or around 2011, Plaintiff transferred to Harrah's Casino in North Kansas City.

10.      On or about February 20, 2013, Plaintiff transferred to the Horseshoe Casino Cincinnati to work as a poker dealer.  Plaintiff remained in that position until she was involuntarily terminated on or about April 14, 2016.

11.      Within the first year of her employment at the Horseshoe Casino Cincinnati, Plaintiff's immediate supervisor, Jim Asterino, began pursuing a sexual relationship with her.

12.      After months of repeated sexual advances by Mr. Asterino and polite rejections by Plaintiff, Plaintiff firmly rejected Mr. Asterino and insisted that he stop making such advances.

2

13.     After Plaintiff asked Mr. Asterino to stop pursuing a sexual relationship with her, Mr. Asterino began retaliating against Plaintiff by documenting minor missteps that would not ordinarily be documented.

14.     Concerned that Mr. Asterino's retaliatory conduct could affect her employment, Plaintiff expressed her concerns that Mr. Asterino was retaliating against her because she had rejected him to several members of management, including but not necessarily limited to Michael Rangonese, Jason Newman, and Sheila Davis.

15.     Upon information and belief, Mr. Asterino was not formally disciplined as a result of his conduct.

16.     Even after Plaintiff reported the harassment and retaliation, Mr. Asterino continued to refer to Plaintiff as "dear" or "honey" and continued documenting minor mistakes.

17.     Beginning in the Spring of 2015, a regular poker room patron, Dennis Scott Edwards, started pursuing a sexual relationship with Plaintiff.

18.     Plaintiff rejected Mr. Edwards but he persisted.

19.     In or around May 2015 and after Plaintiff made it clear that she was not interested in a sexual relationship with Mr. Edwards, he followed Plaintiff out of the casino and followed her in her car.  As a result of this incident, Plaintiff pursued a temporary restraining order against Mr. Edwards in Hamilton County, Ohio.

20.     At or about the time that Mr. Edwards followed her out of the casino, Plaintiff informed Defendant about the harassment and otherwise informed Defendant that Mr. Edward's presence made her very uncomfortable.

21.     Following her complaint, Defendant prohibited Mr. Edwards from playing Plaintiff's table, but otherwise allowed him to remain in the poker room.

3

22.     After being barred from playing at Plaintiff's table, Mr. Edwards taunted Plaintiff at work by staring at her, making negative comments about her to other poker players, encouraging other players to stop playing at her table, encouraging other players not to tip her, and otherwise creating a hostile work environment.

23.     Plaintiff reported Mr. Edwards' retaliatory conduct to members of management, including but not necessarily limited to Michael Rangonese, Kenn Timm, Chris Herbert, and Steve Seiderman.

24.     Despite Plaintiff's report of ongoing harassment and retaliation, Defendant did not implement any further restrictions or otherwise take any action to prevent the continued harassment and retaliation.

25.     On September 24, 2015, approximately four months after Plaintiff initially reported the harassment by Mr. Edwards and after several additional complaints that Mr. Edwards was retaliating against her, Defendant gave Plaintiff a final written warning.

26.     On April 14, 2016, Plaintiff was told that she was being terminated for "Policy/Performance" issues.

27.     Per company policy, Ms. Hing asked for a Board of Review Hearing following her termination.  Ms. Hing was denied a hearing.

28.     On or about July 1, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and retaliation.

29.     On or about February 27, 2017, Plaintiff received a "Notice of Right to Sue" letter from the EEOC.

## COUNT I
## SEX HARASSMENT – HOSTILE WORK ENVIRONMENT

30.     Plaintiff incorporates the allegations set forth above as if fully restated herein.

31.     As a female, Plaintiff is a member of a protected class.

32.     During her employment with Defendant, Plaintiff was subjected to unwelcomed sexual harassment by both a supervisor and a customer.

33.     The harassment unreasonably interfered with Plaintiff's work performance or otherwise created a hostile work environment.

34.     The employer knew or should have known of the charged sexual harassment and failed unreasonably to take prompt and/or appropriate corrective action in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) and the Ohio Civil Rights Act (Ohio Revised Code Chapter 4112).

35.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress and mental anxiety for which she should be compensated.

## COUNT II
## SEXUAL DISCRIMINATION

36.     Plaintiff incorporates the allegations set forth above as if fully restated herein.

37.     As a female, Plaintiff is a member of a protected class.

38.     Plaintiff was subject to an adverse employment action when she was disciplined and ultimately terminated from her job.

39.     Plaintiff was qualified for her position.

5

40. Plaintiff was subjected to more discipline or more severe discipline than similarly situated male employees or otherwise treated less favorably than male employees in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) and the Ohio Civil Rights Act (Ohio Revised Code Chapter 4112).

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress and mental anxiety for which she should be compensated.

## COUNT III
## RETALIATION

42. Plaintiff incorporates the allegations set forth above as if fully restated herein.

43. Ms. Hing engaged in protected activity when she complained about the hostile work environment created by Jim Asterino and Dennis Scott Edwards.

44. Defendant knew that Plaintiff had engaged in protected activity.

45. After Ms. Hing engaged in protected activity, she was subjected to retaliatory harassment and/or adverse employment action, up to and including being terminated, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, et seq.) and the Ohio Civil Rights Act (Ohio Revised Code Chapter 4112).

46. There was a causal connection between Ms. Hing's protected activity and the adverse employment action that she was subjected to.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress and mental anxiety for which she should be compensated.

6

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendant, in an amount to be determined at trial, as follows:

A.      That Plaintiff be awarded compensatory damages, including but not necessarily limited to, damages for past and future lost wages and benefits and damages for emotional distress;

B.      That Plaintiff be awarded punitive damages;

C.      That Plaintiff be awarded pre- and post-judgment interest at the rate allowed by law;

D.      That Plaintiff be awarded her attorney fees and costs incurred in the investigation and prosecution of this matter;

E.      That Plaintiff be awarded such other and further relief which the Court deems just, proper and equitable under the circumstances.

Respectfully submitted,


/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
(brad@gibsonemploymentlaw.com)
Phone: (513) 834-8254
Fax: (513) 834-8253

*Counsel for Plaintiff*


## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)

7